IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IRONBURG INVENTIONS LTD, | § § § § | |
| Plaintiff, | § § § | |
| v | § § § | CASE NO. _____ |
| BATTLE BEAVER, LLC, | § § § | |
| Defendant. | § § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Ironburg Inventions Ltd. ("*Ironburg*") is the owner of significant intellectual property related to gaming devices. Notwithstanding repeated efforts to get Battle Beaver, LLC, ("*Defendant*") to cease infringing Ironburg's intellectual property, Defendant has continued to willfully infringe. Accordingly, Ironburg brings this Complaint to seek redress and alleges as follows:

## PARTIES

1. Ironburg is a company organized under the laws of England having its principal place of business at 16 Gelders Hall Road, Shepshed, Loughborough, England, LE12 9NH.

2. On information and belief, Defendant is a limited liability company organized under the laws of Texas with its principal place of business at 1161 Executive Dr W, Richardson, TX 75081-2230.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the United States Patent Laws, 35 U.S.C. § 101 *et seq*.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant. On information and belief, Defendant is a limited liability company organized under the laws of, registered to do business in, and residing in the State of Texas. Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in this District. Furthermore, on information and belief, Defendant has committed, and continues to commit, acts of patent infringement in the State of Texas, including in this District, by making, using, offering to sell, and/or selling infringing products in the State of Texas, including in this District.

6. Venue is proper in this District under 28 U.S.C. § 1400(b). On information and belief, Defendant's principal place of business is located within this District. Furthermore, on information and belief, Defendant has committed, and continues to commit, acts of patent infringement in this District by making, using, offering to sell, and/or selling infringing products in this District.

## FACTUAL BACKGROUND

7. Ironburg is a global innovator of high-performance gaming controller technology. Inspired during his time playing video games while recovering from a skating injury, Simon Burgess teamed up with his childhood friend Duncan Ironmonger and set out to create improved controller technology. Messrs. Burgess and Ironmonger founded Ironburg and successfully innovated numerous new controller technologies. Since its inception, Ironburg has continued to innovate ways to improve controllers, principally directed to four areas: back-control functions and handles, trigger control mechanisms, thumbstick control area, and side-mounted configurable Sax™ button placements.

8. Ironburg is the assignee of over 150 patents worldwide, claiming these various technologies. Ironburg has also licensed its gaming controller technologies to companies operating in the United States, including Scuf Gaming International LLC ("SCUF") and Microsoft.

**COMPLAINT FOR PATENT INFRINGEMENT- PAGE 2**

9.  Founded in 2011, SCUF sells products embodying these inventions in the United States and operates in the United States on behalf of Ironburg.

10. On behalf of Ironburg, SCUF offers built-to-spec controllers and other accessories that are well known and celebrated by casual and professional gamers alike. Thanks to Ironburg's patented technologies, these products increase users' hand usage and reaction time, improve gameplay, and allow users to play more safely and more ergonomically.

11. Collectively, Ironburg and SCUF have spent substantial resources in developing and commercializing their acclaimed, game-changing technologies.

### *The Asserted Patents*

12. Among Ironburg's technology portfolio are three patents directed to improved trigger control mechanisms: U.S. Patent Nos. 10,188,940 (the "***'940 Patent***"), 10,596,455 (the "***'455 Patent***"), and 11,185,766 (the "***'766 Patent***") (collectively, the "***Asserted Patents***").

13. Messrs. Burgess and Ironmonger co-invented each of the Asserted Patents and have assigned their entire right, title, and interest in the same to Ironburg.

14. SCUF sells products embodying the inventions of the Asserted Patents in the United States.

15. On January 29, 2019, the '940 Patent was duly issued by the U.S. Patent and Trademark Office. A true and correct copy of the '940 Patent is attached hereto as Exhibit A.

16. On March 24, 2020, the '455 Patent was duly issued by the U.S. Patent and Trademark Office. A true and correct copy of the '455 Patent is attached hereto as Exhibit B.

17. On November 30, 2021, the '766 Patent was duly issued by the U.S. Patent and Trademark Office. A true and correct copy of the '766 Patent is attached hereto as Exhibit C.

### *Defendant's Knowledge of Infringement of the Asserted Patents*

18. Defendant directly competes with SCUF in the gaming controller and accessories

market in the United States.  On information and belief, Chris Bailey founded Defendant in 2015. Mr. Bailey styles himself President of Defendant.

19.     Defendant is, and has been, aware of Ironburg's Asserted Patents.

20.     Defendant has actual knowledge of the '940 Patent and the '455 Patent through numerous communications with SCUF made on behalf of Ironburg.  On information and belief, Defendant also has knowledge of the Asserted Patents, independent of the communications with SCUF made on behalf of Ironburg.

21.     Defendant has actual knowledge that the products it makes, sells, offers for sale, and uses infringe claims of the Asserted Patents.  On information and belief, these infringing products include controllers with "smart trigger" and/or "racer trigger" features, including Xbox One, Xbox Series X, PlayStation 4, and PlayStation 5 controllers (collectively, the "**Controller Products**").

22.     After becoming aware of Defendant's infringement, on June 6, 2019, SCUF sent a letter addressed to Mr. Bailey in his capacity at Defendant on behalf of Ironburg (the "***June 2019 Letter***").

23.     The June 2019 Letter identified the '940 Patent and that Defendant's products incorporating the "smart trigger" feature infringe claims of the '940 Patent.  The June 2019 Letter demanded that Defendant cease all advertising and sales of the infringing products.

24.     On June 10, 2019, SCUF also emailed a copy of the June 2019 Letter to Defendant's general email address.

25.     On June 13, 2019, Mr. Bailey wrote back to SCUF by email.  Mr. Bailey responded, "We have confirmed that all products that violate the entirety of one of the '940' claims have been removed from our website."

26.     On November 5, 2019, SCUF sent another letter addressed to Mr. Bailey in his

capacity at Defendant on behalf of Ironburg (the "***November 2019 Letter***").

27. The November 2019 Letter noted that Defendant failed to cease sale of products incorporating the infringing "smart trigger" feature, despite Mr. Bailey's assurance to the contrary.

28. The November 2019 Letter further identified that Defendant's products incorporating the "racer trigger" feature infringe claims of the '940 Patent. The November 2019 Letter again demanded that Defendant cease all advertising, manufacturing, and sales of the infringing products.

29. On November 21, 2019, counsel for Defendant responded to the November 2019 Letter ("***Defendant's November 2019 Response***"). Based on a clearly flawed interpretation of the '940 Patent's claims, Defendant's November 2019 Response denied infringement but nevertheless stated that "[Defendant] is more than willing to stop selling anything if infringement seems likely."

30. On December 20, 2019, SCUF replied to Defendant's November 2019 Response (the "***December 2019 Letter***"). The December 2019 Letter identified that Defendant's interpretation of the claims is incorrect, explained how Defendant's position was incorrect as to different claims, and demonstrated that Defendant's products infringed even under Defendant's own interpretation. The December 2019 Letter closed by requesting Defendant honor its commitment to cease infringement, as Defendant put it, "if infringement seems likely."

31. On January 16, 2020, SCUF sent another letter to Defendant to push Defendant to substantively respond and resolve the matter of Defendant's infringement (the "January 2020 Letter").

32. On January 22, 2020, counsel for Defendant responded to the January 2020 Letter ("***Defendant's January 2020 Response***"). The response merely reiterated, and expanded on, Defendant's incorrect interpretation of the '940 Patent's claims from Defendant's November 2019 Response. Defendant's January 2020 Response offered no objectively reasonable basis, including

any construction of the claims under ordinary principles of claim construction, by which a commercial actor in Defendant's position would believe it does not infringe claims of the '940 Patent.

33. On September 24, 2020, SCUF replied to Defendant's January 2020 Response on behalf of Ironburg (the "**September 2020 Letter**"). The September 2020 Letter again explained that Defendant's interpretation of the '940 Patent's claims is incorrect. Furthermore, it provided notice of the recently issued '455 Patent and that Defendant's products incorporating the "smart trigger" and/or "racer trigger" features infringe claims of the '455 Patent. As indicated in the September 2020 Letter, Defendant's position taken with respect to interpretation of the '940 Patent's claims would not apply to the claims of the '455 Patent, even if correct as to the '940 Patent.

34. The September 2020 Letter further indicated Ironburg's restraint in its handling of Defendant's infringement as a courtesy to a local business during the COVID-19 pandemic.

35. On December 18, 2020, SCUF again followed up with Defendant to attempt resolving this matter on behalf of Ironburg (the "**December 2020 Letter**").

36. Defendant ignored both the September 2020 Letter and the December 2020 Letter. On information and belief, despite Defendant's knowledge that it infringed at least one claim of each of the '940 Patent and '455 Patent, Defendant continues to infringe.

37. On information and belief, Defendant has been, and continues to be, aware of Ironburg's considerable patent portfolio. On information and belief, Defendant did and continues to monitor and analyze Ironburg's U.S. patent applications and issued U.S. patents, including but not limited to the '766 Patent.

38. On information and belief, Defendant has analyzed its products with respect to the claims of the '766 Patent.

**COMPLAINT FOR PATENT INFRINGEMENT- PAGE 6**

39. On information and belief, despite a high likelihood that its products, including those controllers which incorporate the "smart trigger" and "racer trigger" features, infringe at least one claim of the '766 Patent, Defendant continued to infringe.

### *Defendant's Continuing Infringement of the Asserted Patents*

40. Defendant has been making, selling, offering to sell, and using the infringing Controller Products and continues this infringing conduct, despite knowing that this conduct infringes at least one claim of each of the Asserted Patents.

41. On information and belief, Defendant (by and through its employees, agents, and/or contractors) makes the infringing Controller Products in its facilities in Richardson, Texas. For example, Defendant's website states:

> **What is a Battle Beaver and Why should I buy one?**
>
> ~~A Battle Beaver is a small furry mammalian quadruped who has been equipped with weapons of war to defend against and attack its enemies.~~ Alternatively, it is also the colloquial term for a controller that has been modified and upgraded by Battle Beaver Customs.
>
> Battle Beaver Customs is a small business home grown in the heart of the Midwest. All of our controllers are built right here in Texas by a rag-tag group of video game enthusiasts who want to make the world a better place. Even though we just entered the industry in 2015, we've already made big waves in the eSports community and innovated the field substantially. No other company comes close to what they have to offer against our patented Smart Triggers and Increased Tension. You are guaranteed to fire faster and more accurately with these two modifications alone.

(*See* https://battlebeavercustoms.com/tools/help-center#what-is-a-battle-beaver-and-why-should-i-buy-one).

42. Defendant sells and offers for sale the infringing Controller Products, including through its website, https://battlebeavercustoms.com/. For example, through its website, Defendant offers custom-built controllers that include the infringing "smart trigger" and "racer trigger" features:



(*See* https://battlebeavercustoms.com/tools/builder/140);



(*See* https://battlebeavercustoms.com/tools/builder/59).

43. Defendant tests the infringing Controller Products, as it does for products received

**COMPLAINT FOR PATENT INFRINGEMENT- PAGE 8**

by its customers for modification or repair.  For example, Defendant's website states:

> **I recently sent a controller in, do I have an order number?**
>
> Once your controller is received, it will be tested and inspected by one of our check-in technicians as they prepare your invoice for you that will detail the repairs needed,
>
> Once that invoice is purchased, you will receive a new order number to track your repair.

(*See* https://battlebeavercustoms.com/tools/help-center#i-recently-sent-a-controller-in-do-i-have-an-order-number).

44.     Defendant touts the advantages of the infringing "smart trigger" and "racer trigger" features, including by making these infringing features a focal point of Defendant's advertising for the infringing Controller Products.  For example, Defendant's website contains numerous laudatory references to these infringing features:

> **Smart Triggers & Bumpers:**
> Often imitated but never replicated, our Smart Triggers and Bumpers offer instant activation to truly unleash your gaming potential.
>
> Initially developed for First-Person Shooting games, this modification replaces the original analog input of the trigger with the same digital micro-switch you would find in high-end gaming mice. It's instant 0-100% input will give you the advantage in battle and enable you to react faster than your enemy ever could.

(*See* https://battlebeavercustoms.com/blogs/news/what-is-a-battle-beaver);

**COMPLAINT FOR PATENT INFRINGEMENT- PAGE 9**



(*See generally* https://battlebeavercustoms.com/tools/help-center);

(*See* https://battlebeavercustoms.com/tools/help-center#what-is-a-battle-beaver-and-why-should-i-buy-one);

**COMPLAINT FOR PATENT INFRINGEMENT- PAGE 10**

(*See* https://battlebeavercustoms.com).

45. On information and belief, these infringing features are primarily responsible for the consumer demand for, and Defendant's sales of, the infringing Controller Products.

46. Despite Defendant's assurances that it has removed infringing products, or would remove infringing products "if infringement seems likely," Defendant has not ceased making, using, selling, or offering to sell in the U.S. any infringing Controller Products.

47. Defendant's continued infringement has caused, and continues to cause, injury directly to Ironburg. Ironburg's injury cannot be redressed through monetary damages alone. For example, SCUF directly competes with Defendant in the United States. Defendant's sales of infringing Controller Products causes harm to SCUF by loss of sales of products licensed under the Asserted Patents. The loss of SCUF's sales and market share as a result of Defendant's infringement directly harms Ironburg because of their close corporate affiliation. Likewise, the ability to license is directly related to the fact that there are no infringing competitors selling unlicensed products. Because of Defendant's infringement, Ironburg has suffered, and continues to suffer, harm to its reputation for innovation and goodwill.

## COUNT ONE --
## INFRINGEMENT OF THE '940 PATENT

48. Ironburg incorporates by reference its allegations in Paragraphs 1-47 as if fully set forth here.

49. Defendant directly infringes at least one claim of the '940 Patent by making, using, selling, and/or offering to sell Defendant's Controller Products in the United States.

50. Defendant's infringing Controller Products satisfy every limitation of at least one claim of the '940 Patent, exemplified in Exhibits D (Xbox One controller with "Smart Trigger"), E (Xbox One controller with "Racer Trigger"), F (PS4 controller with "Smart Trigger"), and G (PS4 controller with "Racer Trigger"), attached herein.

**COMPLAINT FOR PATENT INFRINGEMENT- PAGE 11**

51. Furthermore, on information and belief, the Defendant's Xbox Series X controller with "Smart Trigger" and/or "Racer Trigger" operates, and therefore infringes at least one claim of the '940 Patent, in the same manner as Defendant's Xbox One controller with "Smart Trigger" and/or "Racer Trigger," as exemplified in Exhibits D and E, respectively. On information and belief, the Defendant's PS5 controller with "Smart Trigger" and/or "Racer Trigger" operates, and therefore infringes at least one claim of the '940 Patent, in the same manner as Defendant's PS4 controller with "Smart Trigger" and/or "Racer Trigger," as exemplified in Exhibits F and G, respectively.

52. Defendant's deliberate or intentional infringement, which has been with actual notice of the '940 Patent, has been and is willful, and Ironburg is therefore entitled to enhanced damages for willful infringement.

53. Defendant's infringement of the '940 Patent has caused irreparable harm to Ironburg and Ironburg's licensees. Unless enjoined, Defendant's actions will continue to cause irreparable harm.

## COUNT TWO --
## INFRINGEMENT OF THE '455 PATENT

54. Ironburg incorporates by reference its allegations in Paragraphs 1-53 as if fully set forth here.

55. Defendant directly infringes at least one claim of the '455 Patent by making, using, selling, and/or offering to sell Defendant's Controller Products in the United States.

56. Defendant's infringing Controller Products satisfy every limitation of at least one claim of the '455 Patent, exemplified in Exhibits H (Xbox One controller with "Smart Trigger"), I (Xbox One controller with "Racer Trigger"), J (PS4 controller with "Smart Trigger"), and K (PS4 controller with "Racer Trigger"), attached herein.

57. Furthermore, on information and belief, the Defendant's Xbox Series X controller

with "Smart Trigger" and/or "Racer Trigger" operates, and therefore infringes at least one claim of the '455 Patent, in the same manner as Defendant's Xbox One controller with "Smart Trigger" and/or "Racer Trigger," as exemplified in Exhibits H and I, respectively.  On information and belief, the Defendant's PS5 controller with "Smart Trigger" and/or "Racer Trigger" operates, and therefore infringes at least one claim of the '455 Patent, in the same manner as Defendant's PS4 controller with "Smart Trigger" and/or "Racer Trigger," as exemplified in Exhibits J and K, respectively.

58. Defendant's deliberate or intentional infringement, which has been with actual notice of the '455 Patent, has been and is willful, and Ironburg is therefore entitled to enhanced damages for willful infringement.

59. Defendant's infringement of the '455 Patent has caused irreparable harm to Ironburg and Ironburg's licensees.  Unless enjoined, Defendant's actions will continue to cause irreparable harm.

## COUNT THREE --
## INFRINGEMENT OF THE '766 PATENT

60. Ironburg incorporates by reference its allegations in Paragraphs 1-59 as if fully set forth here.

61. Defendant directly infringes at least one claim of the '766 Patent by making, using, selling, and/or offering to sell Defendant's Controller Products in the United States.

62. Defendant's infringing Controller Products satisfy every limitation of at least one claim of the '766 Patent, exemplified in Exhibits L (Xbox One controller with "Smart Trigger"), M (Xbox One controller with "Racer Trigger"), N (PS4 controller with "Smart Trigger"), and O (PS4 controller with "Racer Trigger"), attached herein.

63. Furthermore, on information and belief, the Defendant's Xbox Series X controller with "Smart Trigger" and/or "Racer Trigger" operates, and therefore infringes at least one claim

of the '766 Patent, in the same manner as Defendant's Xbox One controller with "Smart Trigger" and/or "Racer Trigger," as exemplified in Exhibits L and M, respectively. On information and belief, the Defendant's PS5 controller with "Smart Trigger" and/or "Racer Trigger" operates, and therefore infringes at least one claim of the '766 Patent, in the same manner as Defendant's PS4 controller with "Smart Trigger" and/or "Racer Trigger," as exemplified in Exhibits N and O, respectively.

64. On information of belief, Defendant's deliberate or intentional infringement, which has been with actual knowledge of the '766 Patent, has been and is willful, and Ironburg is therefore entitled to enhanced damages for willful infringement.

65. Defendant's infringement of the '766 Patent has caused irreparable harm to Ironburg and Ironburg's licensees. Unless enjoined, Defendant's actions will continue to cause irreparable harm.

## DEMAND FOR JURY TRIAL

66. Ironburg respectfully requests that this action be tried by a jury as to all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ironburg respectfully requests that this Court grant the following relief:

A. Enter judgement that Defendant has infringed one or more claims of each of the Asserted Patents and continues to infringe those claims through making, using, offering to sell, and/or selling in the United States of infringing Controller Products;

B. Enter judgment that such infringement is willful;

C. Enter judgment awarding Ironburg relief pursuant to 35 U.S.C. § 284 in an amount adequate to compensate for Defendant's infringement of the Asserted Patents to be determined at trial, but not less than a reasonable royalty, awarding Ironburg all pre- and post-judgment interest

and costs, and awarding Ironburg enhanced damages for Defendant's willful infringement of the Asserted Patents;

D. Enter an order prohibiting and permanently enjoining Defendant and its agents, employees, successors, and assigns, and all others acting in concert or participating with them, from infringing the Asserted Patents;;

E. Enter an order, pursuant to 35 U.S.C. § 285, declaring this an exceptional case and awarding to Ironburg its reasonable attorneys' fees; and

F. Enter an order awarding to Ironburg such other and further relief, whether at law or in equity, that this Court seems just, equitable, and proper.

DATED: March 24, 2022.

Respectfully submitted,

/s/ Brian Vanderwoude
J. Brian Vanderwoude
Texas Bar No. 24047558
vanderwoude.brian@dorsey.com
Zachary Tobolowsky
Texas Bar No. 24106512
tobolowsky.zachary@dorsey.com
Dorsey & Whitney LLP
300 Crescent Ct, Suite 400
Dallas, TX 75201
(214) 981-9900 Phone
(214) 981-9901 Facsimile

Gregory S. Tamkin (*pro hac vice* to be filed)
Colo. Reg. No. 27105
Dorsey & Whitney LLP
1400 Wewatta Street, Suite 400
Denver, Colorado 80202
(303) 629-3400

Robert J.M. Lee (*pro hac vice* to be filed)
Dorsey & Whitney LLP
701 5th Ave, Suite 6100
Seattle, WA 98105
(206) 903-8800

**ATTORNEYS FOR PLAINTIFF
IRONBURG INVENTIONS LTD.**