UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IRONBURG INVENTIONS LTD,<br><br>              Plaintiff,<br><br>v.<br><br>BATTLE BEAVER, LLC,<br><br>              Defendant. | Case No.: 3:22-CV-00686-X<br><br>Hon. Brantley Starr |

**DEFENDANT BATTLE BEAVER, LLC'S
REPLY IN FURTHER SUPPORT OF ITS
<u>MOTION TO DISMISS THE COMPLAINT</u>**

## **TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ........................................................................................................................ 2

I. Plaintiff's original theory of infringement is premised on a construction that renders the claims unpatentable. ........................................................................................................ 3

   A. Unless Plaintiff's claims are limited to a manually adjustable mechanism, they are directed at an unpatentable abstract idea. ........................................................................ 3

   B. Besides an adjustable trigger mechanism, there are no other limitations that would even arguably render the claims patentable under *Alice*. ............................................................ 5

II. If Plaintiff's claims are given their plain meaning and appropriately limited to a manually adjustable trigger mechanism, then Plaintiff cannot state a plausible claim for infringement. 7

CONCLUSION..................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Alice Corp. v. CLS Bank*,
  573 U.S. 208 (2014) .................................................................................................... *passim*

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 1

*Bilski v. Kappos*,
  561 U.S. 593 (2010) ................................................................................................................ 6

*Digitech Info. Sys., Inc. v. BMW Auto Leasing, LLC*,
  504 Fed. Appx. 920 (Fed. Cir. 2013) ...................................................................................... 8

*Digitech Info. Sys., Inc. v. BMW Fin. Services NA, LLC*,
  864 F. Supp. 2d 1289 (M.D. Fla. 2012) .................................................................................. 8

*In re TLI Commc'ns LLC Patent Litig.*,
  823 F.3d 607 (Fed. Cir. 2016) ................................................................................................ 9

*Interval Licensing LLC v. AOL, Inc.*,
  896 F.3d 1335 (Fed. Cir. 2018) .............................................................................................. 4

*Magnacross LLC v. OKI Data Americas, Inc.*,
  2022 WL 992595 .................................................................................................................... 8

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
  566 U.S. 66 (2012) .................................................................................................................. 5

*O'Reilly v. Morse*,
  56 U.S. 62 (1853) .................................................................................................................... 4

*Secured Mail Solutions LLC v. Universal Wilde, Inc.*,
  873 F.3d 905 (Fed. Cir. 2017) ................................................................................................ 8

Defendant files this reply in further support of its motion to dismiss Plaintiff's Complaint (the "**Motion**").[1] Together with its opening brief, Defendant states as follows.

## INTRODUCTION

Plaintiff's efforts to complicate its Patents confirm that this action is a cynical ploy for leverage over a smaller competitor. In fact, this case is simple. There are no complicated formulas, computer code, or sophisticated electronics. Rather, Plaintiff's Patents are for the modification of a factory videogame controller by installing an object in the path of the controller's trigger—*i.e.*, a simple trigger block—that ***can be adjusted by the end user*** with the turn of a screw to change the range of motion of the trigger.[2] Plaintiff claims that Defendant has infringed upon its Patents by accomplishing a similar (though different) goal—*i.e.*, reducing the range of motion of a trigger—by permanently reducing the range of motion of the trigger in a manner that ***cannot be adjusted by the end user***. All of this is easily discernable on the face of the Complaint and the documents cited therein.

Plaintiff appears to recognize that it cannot articulate a plausible claim for infringement without an impossibly broad interpretation of the Patents that would render them invalid under the test set forth in the Supreme Court's opinion in *Alice Corp. v. CLS Bank*. As a result, Plaintiff's response declines to offer any interpretation of the relevant claims whatsoever. Instead, Plaintiff asks the Court to refrain from "draw[ing] on its judicial experience and common sense"[3] to test the plausibility of the Complaint on the ground that it has an immutable right to a costly claim construction hearing. But the meaning of Plaintiff's claims are plain on

---

[1] Capitalized terms have the meaning ascribed to them in Defendant's opening brief.

[2] Compl., Ex. A col.1 l.56–61; Ex. B col.1 l.57–62; Ex. C col.1 l.57–62 (emphasis added).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

their face. Indeed, Plaintiff has not identified a single word of the relevant claims in need of construction.

As such, Plaintiff's Complaint leaves the Court with only two options. First, it can accept the expansive interpretation of the claims as articulated by Plaintiff in its cease-and-desist letters, which assert that Plaintiff holds a monopoly over any "mechanism for adjusting an end stop position of a depressible trigger of a controller."[4] In that case, the Complaint must be dismissed because the claims are directed at an unpatentable abstract idea. Alternatively, the Court can interpret the claims pursuant to their plain meaning and limit them to a specific mechanism for manual adjustability. In that case, the Complaint must be dismissed because Plaintiff has failed to plausibly plead a claim for infringement.

Either way, Defendant should not have to engage in costly discovery, a claim construction hearing, or trial to be vindicated. The relevant facts are clear, and the result is inevitable. The Court should dismiss the Complaint now and avoid a flagrant waste of resources.

## ARGUMENT

In its response to Defendant's Motion, Plaintiff disclaims its own previously stated construction of the claims at issue as an "overgeneralization." The position Plaintiff took in its cease-and-desist letters—which were incorporated by reference in the Complaint—was that the claims cover any "mechanism installed in the trigger pathway [that] shortens the trigger's range of motion from the original range of motion."[5] As set forth in Defendant's opening brief, this construction would render the relevant claims invalid under *Alice*—hence Plaintiff's backtracking. At the same time, however, Plaintiff's response is careful not to suggest any

---

[4] RJN Ex. A at APP002.
[5] RJN Ex. D at APP020.

alternative, more narrowly tailored construction of the relevant claims because doing so would frustrate any plausible allegation of infringement. The striking failure to articulate a plausible theory of infringement based upon a narrower interpretation of the claims proves Defendant's point: Plaintiff cannot plausibly allege infringement without running afoul of *Alice*.

### I. Plaintiff's original theory of infringement is premised on a construction that renders the claims unpatentable.

#### A. Unless Plaintiff's claims are limited to a manually adjustable mechanism, they are directed at an unpatentable abstract idea.

Plaintiff's response first argues that the Patents "describe and claim physical, tangible video game controllers comprising a combination of physical components that serve particular operational functions."[6] But while it is true that a claim describing an inventive, tangible design is not subject to *Alice*, Plaintiff's argument misses the point entirely. The tangible design described by the Patents in this case is "a trigger adjustment system that has a mechanism to allow the end user to recalibrate the range of motion of the trigger body" with a control screw:[7]



---

[6] Opp. at 7.

[7] Compl., Ex. A col.5 l.60–67; Ex. B col.5 l.62–col.6 l.2; Ex. C col.5 l.60–67 (underlines added for emphasis); *see also id.* at Ex. A col.6 l.21–29; Ex. B col.6 l.23–31; Ex. C col.6 l.21–29 (underlines added for emphasis).

3

Plaintiff cannot allege that Defendant infringed by copying this design. After all, Defendant's allegedly infringing product contains no control screw or any mechanism whatsoever that can be adjusted by the end user. In fact, Defendant's design—for which Defendant obtained its own patent[8]—calls for its trigger block (in the form of a "snap-action switch") to be "soldered in place."[9]

Fully aware that Defendant's design is not manually adjustable by the end user, Plaintiff alleged in its cease-and-desist letters—which again were incorporated by reference in the Complaint—that its Patents broadly cover ***any*** "mechanism installed in the trigger pathway [that] shortens the trigger's range of motion from the original range of motion."[10] In other words, all trigger blocks inside a video game controller no matter the design. Case law is clear, however, that *Alice* applies where a party uses a patent for a specific design as grounds to assert a claim for all solutions to the problem that the design addresses. *Interval Licensing LLC v. AOL, Inc.*, 896 F.3d 1335, 1343 (Fed. Cir. 2018). By way of example, the *Interval* court noted that a patent for an electric ice cutter could not be asserted to cover "exclusive title to the art of cutting ice by means of any power, other than human power." *Id.* Nor could a patent for a device to create electromagnetism be used to establish a monopoly over "an effect produced by the use of electromagnetism." *Id.* (citing *O'Reilly v. Morse*, 56 U.S. 62, 120 (1853)).

Just like in the cases cited by *Interval*, Plaintiff cannot bootstrap its way past *Alice* simply because the Patents describe a potentially patentable design. If Plaintiff seeks to expand its

---

[8] *See generally* RJN Ex. F, APP030–42.

[9] *Id.* at col.4 l.66.

[10] RJN Ex. D at APP020.

Patents to broadly cover unpatentable subject matter, the Court can and should apply *Alice* to dismiss the Complaint.

### B. Besides an adjustable trigger mechanism, there are no other limitations that would even arguably render the claims patentable under *Alice*.

Plaintiff's response now disclaims its own "overgeneralization" of the Patents that Plaintiff asserted in its cease-and-desist letters, which again suggested that the Patents cover any "mechanism installed in the trigger pathway [that] shortens the trigger's range of motion from the original range of motion."[11] But to date, this purported "overgeneralization" is the only elucidation offered by Plaintiff as to how Defendant's snap-action trigger—which is soldered permanently in place and cannot be adjusted—infringed a patent for a trigger mechanism specifically designed to be adjustable by the end user. Taking the "overgeneralization" at face value, there are no limitations with an "inventive concept" sufficient to "ensure that the patent in practice amounts to significantly more than" the abstract idea of a trigger block. *Alice*, 573 U.S. at 218 (quoting *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 73 (2012)).

Rather than tease out inventive limitations to its claims that would narrow the "overgeneralization" set out in its cease-and-desist letters, Plaintiff instead argues that the Motion must fail because it does not go claim-by-claim on a hunt for such limitations.[12] In fact, Defendant did just that in its opening brief, which sets out the only substantive limitation in any of the relevant claims: manual adjustability by the end user.[13] Plaintiff, of course, declines to

---

[11] *See, e.g.*, RJN Ex. D at APP020.

[12] Opp. at 13.

[13] Opening Br. at 11–12.

address this significant limitation because Defendant's allegedly infringing products are not manually adjustable.[14]

Claim 1 of the '940 Patent is representative of the limitations in each of the relevant claims.[15] The first clause directs "an apparatus for supplying user inputs to a computer program" with "an outer case" and "at least one depressible trigger mechanism."[16] This is obviously not an "inventive" limitation, as it merely describes a stock videogame controller.[17] *See Alice*, 573 U.S. at 223 ("[L]imiting the use of an abstract idea 'to a particular technological environment' "cannot transform a patent-ineligible abstract idea into a patent-eligible invention.") (quoting *Bilski v. Kappos*, 561 U.S. 593, 610–11 (2010)). The second and final clause directs "a mechanism *for manual adjustment of a range of motion of the at least one trigger mechanism*, the mechanism being disposed within [the videogame controller]."[18] This is where the inventive concept (if any) must exist in the claim. But again, Defendant's allegedly infringing products *are not manually adjustable*. Thus, the only plausible way in which Defendant's design could ever infringe this claim is if it is interpreted to cover *any trigger block* within a videogame controller. As discussed above and in Defendant's opening brief, such a claim clearly runs afoul of *Alice*.

For its part, Plaintiff does not even bother trying to identify further limitations because doing so would inevitably lead to a finding by the Court that the relevant claims are limited only

---

[14] Confusingly, Plaintiff only mentions this limitation in passing, arguing that Defendant "cherry-picked" the limitation from each of the relevant claims. That characterization makes no sense. If a claim has a limitation that has not been infringed, Plaintiff cannot state a claim for infringement whether or not the limitation is "cherry-picked."

[15] Although Claim 1 is representative of each of the relevant claims—which are repetitive and overlapping—Defendant has attached a chart of each independent claim that highlights the lack of any inventive limitations other than manual adjustability. *See* Exs. A–C. The dependent claims likewise add no limitations outside of manual adjustability. *See* Compl., Ex E at 20–25; *id.* at Ex. I at 8–9, 16–18, 24; *id.* at Ex. L at 7–9, 19–20, 26.

[16] Compl., Ex. A col.7 l.58–61.

[17] *See* Compl., Ex. D at 1.

[18] Compl., Ex. A col.7 l.61–64.

by manual adjustability. And as set out below, it is clear from the face of the Complaint that Defendant did not infringe on this limitation.

### II. If Plaintiff's claims are given their plain meaning and appropriately limited to a manually adjustable trigger mechanism, then Plaintiff cannot state a plausible claim for infringement.

Plaintiff's response stops just short of misrepresenting Defendant's allegedly infringing products as manually adjustable by an end user. Instead, Plaintiff argues that the only evidence in the record to the contrary is a representation by Defendant's counsel representing that Defendant's design is not manually adjustable.[19] In doing so, Plaintiff conveniently ignores the fact that its own counsel tacitly conceded the point in his response.[20] More importantly, the Complaint itself makes clear that Defendant's product is "permanent," not manually adjustable:[21]



Plaintiff next argues that the Court cannot rule on infringement because there has been no "claim construction." Plaintiff does not, however, identify any specific terms in need of claim construction, let alone any plausible alternative construction for the Court to consider. This is not

---

[19] Opp. at 16.

[20] RJN Ex. D at APP020.

[21] Comp. ¶ 42 (depicting a screen grab from Defendant's website) (circle added for emphasis).

surprising because the Patents' specifications are clear on this point: "The present invention seeks to improve upon . . . controllers of the prior art by providing a game controller *that includes an adjustable trigger system that has a mechanism to allow the end user to control or recalibrate the maximum and/or minimum trigger positions*."[22] And as set out in Defendant's opening brief, each of the claims has language limiting the claim to a mechanism that is manually adjustable and controllable by the user.[23]

Plaintiff thus invokes "claim construction" as if merely stating those words opens the door to oppressive discovery and the resulting leverage over a smaller competitor. That is simply not the law. Where the Court can glean "a full understanding of the basic character of the claimed subject matter," "claim construction is not an inviolable prerequisite to deciding an infringement action." *Magnacross LLC v. OKI Data Americas, Inc.*, 2022 WL 992595, at *3 (N.D. Tex. Mar. 31, 2022). That is particularly true where, like here, the plaintiff cannot even point to a term that needs construction. *See, e.g.*, *Digitech Info. Sys., Inc. v. BMW Fin. Services NA, LLC*, 864 F. Supp. 2d 1289, 1293 (M.D. Fla. 2012), *aff'd sub nom. Digitech Info. Sys., Inc. v. BMW Auto Leasing, LLC*, 504 Fed. Appx. 920 (Fed. Cir. 2013) ("Plaintiff . . . offers no construction of 'computer' beyond its plain and ordinary meaning. Accordingly, no claim construction is necessary at this time to resolve the issue currently before the court."); *see also Secured Mail Solutions LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 912 (Fed. Cir. 2017) ("[T]his court has determined claims to be patent-ineligible at the motion to dismiss stage based on intrinsic evidence from the specification without need for 'extraneous fact finding outside the

---

[22] Compl., Ex. A col. 1 l.56–61; Ex. B col.1 l.57–62; Ex. C col. 1 l.57–62 (emphasis added).

[23] Opening Br. at 11 (setting out the relevant language claim-by-claim).

record.'") (quoting *In re TLI Commc'ns LLC Patent Litig.*, 823 F.3d 607, 613–14 (Fed. Cir. 2016)).

It is, of course, no surprise that Plaintiff seeks this result, since running up Defendant's cost in terms of both time and money is the only leverage it has before its meritless claims are inevitably dismissed. The Court should cut these efforts short and send a message to the plaintiffs' bar that it will not countenance such abuse.

## CONCLUSION

For the foregoing reasons and the reasons stated in Defendant's opening brief, Plaintiff's Complaint fails to state a claim for relief, and any amendment of the Complaint would be futile. Battle Beaver's products do not infringe on the clear language of the Patents' claims and specifications. By contrast, Plaintiff's proposed reading of the subject claims would render the Patents invalid. The Court should thus dismiss the Complaint with prejudice.

DATED:  June 22, 2022

        */s/ William T. Reid, IV*
William T. Reid, IV (TX No. 00788817)
wreid@reidcollins.com
Gregory S. Schwegmann (TX No. 24117707)
gschwegmann@reidcollins.com
Jeremy H. Wells (TX No. 24098805)
jwells@reidcollins.com
**REID COLLINS & TSAI LLP**
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
T: 512.647.6100
F: 512.647.6129

J. Benjamin King (TX No. 24046217)
bking@reidcollins.com
**REID COLLINS & TSAI LLP**
1601 Elm Street, Suite 4200
Dallas, Texas 75201
T: 214.420.8902
F: 214.420.8909


*Counsel for Defendant Battle Beaver, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on June 22, 2022, I filed the foregoing document electronically via the Court's ECF System, which effects service upon counsel of record.

*/s/ Jeremy H. Wells*
Jeremy H. Wells
